STATE of Missouri, Respondent,

v.

Leonard MICHAELS, Appellant.

No. 62122.

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 18, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Daniel J. Dodson, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for second degree arson. We affirm.

On July 1, 1991, Defendant was arrested in connection with a trailer fire in Linn, Missouri. Defendant agreed to accompany Officers Wolfe, West and Cole to the Jefferson City Police Department. Once at the station, Defendant was advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant averred he understood each of the rights and signed a waiver of rights form.

After preliminary questioning, Officers Wolfe and West transported Defendant to the Osage County Sheriff's Department in Linn, Missouri. While being booked, Defendant indicated he wanted to speak with Officer Cole alone. During questioning with Cole, Defendant asked Cole if he "would be willing to sit down with him and his attorney and discuss this incident." Cole informed Defendant he had "no reason to discuss it with his attorney but that, if he wanted to call his attorney, he'd be free to do so." Cole then ceased questioning until Defendant stated he did not want to call an attorney. At this time, Cole continued questioning Defendant. A taped interview of Defendant was

then made in which Cole again informed Defendant of his *Miranda* rights. Defendant again stated he understood these rights and was willing to continue the interview. Defendant then made statements implicating himself in the crime.

At trial, Defendant made an oral motion to suppress evidence of his statements which he alleged were taken in violation of his Fifth Amendment rights. Defendant asserted that asking Cole if he would be willing to sit down with him and his attorney constituted an invocation of his *Miranda* rights. The trial court overruled Defendant's motion to suppress. The tape and the transcript of Defendant's statements were admitted over Defendant's objection. The jury convicted Defendant of second degree arson and declared punishment at twelve months' imprisonment. Defendant filed a motion for new trial averring, *inter alia,* the trial court erred in failing to sustain his motion to suppress.

■ On appeal, Defendant argues the trial court erred in failing to sustain his motion to suppress because the evidence was "improperly gathered in that questioning by interrogating officers must cease after a request for counsel has been made by the person being interrogated and cannot resume before that person initiates conversation and has unequivocally waived his right to counsel." In making his argument, Defendant relies solely on the testimony of Officer Cole.

■ We must affirm the ruling of the trial court if there is sufficient evidence to support it. *State v. Boyington,* 831 S.W.2d 642, 644 (Mo.App.1992). Furthermore, we must view all the facts and reasonable inferences thereof in the light most favorable to the trial court's ruling. *State v. Bittick,* 806 S.W.2d 652, 654 (Mo. banc 1991).

■ The Fifth Amendment protection against self-incrimination affords any suspect the right to have an attorney present during police interrogation. *Miranda,* 384 U.S. at 436, 86 S.Ct. at 1602. Therefore, a suspect who has expressed a desire to deal with the police only through counsel, cannot be subject to further interrogation until counsel has been made available, unless the accused initiates further conversations with the police.

*Edwards v. Arizona,* 451 U.S. 477, 485, 101 S.Ct. 1880, 1885[4], 68 L.Ed.2d 378 (1981).

■ The application of this strict rule involves a double inquiry: (1) whether Defendant has actually invoked his right to have counsel present during interrogation; and (2) if so, his comments may be admitted only if he (a) initiated further conversations with the police himself, and (b) knowingly and intelligently waived his right to counsel and right to remain silent. *Smith v. Illinois,* 469 U.S. 91, 95, 105 S.Ct. 490, 492–93[2], 83 L.Ed.2d 488 (1984); *Oregon v. Bradshaw,* 462 U.S. 1039, 1044–45, 103 S.Ct. 2830, 2834[1], 77 L.Ed.2d 405 (1983); *Edwards,* 451 U.S. at 484–86, 101 S.Ct. at 1884–85.

Our inquiry centers upon whether Defendant actually invoked his right to counsel. Defendant asked Cole if he "would be willing to sit down with him and his attorney and discuss this incident." Cole then stated he had "no reason to discuss it with his attorney but that, if he wanted to call his attorney, he'd be free to do so." Cole then ceased questioning Defendant until Defendant stated he did not want to call an attorney. Defendant's statement was not an unequivocal assertion of his right to counsel. Therefore, Officer Cole's statements to Defendant were not an unlawful continuation of interrogation. Rather, they were a clarification of whether Defendant was invoking his right to counsel. *See, State v. Gill,* 806 S.W.2d 48, 51–52[9] (Mo.App.1991); *State v. Smith,* 588 S.W.2d 27, 30[1] (Mo.App.1979). As such, we find the trial court did not err in failing to suppress Defendant's subsequent statements, because Defendant never invoked his right to counsel. Indeed, Defendant specifically stated he understood his rights and waived them. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.